# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>FRICTIONLESS WORLD, LLC,<br><br>      Debtor. | Case No. 19-18459 MER<br><br>Chapter 11 |
| FRICTIONLESS WORLD, LLC,<br><br>    Plaintiff.<br><br>v.<br><br>FRICTIONLESS, LLC, CHANGZHOU INTER UNIVERSAL MACHINE & EQUIPMENT CO., LTD., LI ZHIXIANG, CHANGZHOU ZHONG LIAN INVESTMENT CO. LTD., SERENA LI, AND FRANK LI,<br><br>    Defendants. | Adversary No. 19-01282 MER |

## **ORDER**

THIS MATTER comes before the Court on the Motion for Reconsideration and/or Amendment of Order Granting and Response to Arbitration Creditors' Motion to Hold in Abeyance the Official Committee of Unsecured Creditors' Objection to Proofs of Claim[1] filed by the Official Committee of Unsecured Creditors ("**Committee**"), the Motion to Intervene as Plaintiff filed by the Committee,[2] the Response filed by Changzhou Zhong Lian Investment Co., Ltd., Changzhou Inter Universal Machine & Equipment Co., Ltd., and Frictionless, LLC (collectively, the "**Arbitration Creditors**"),[3]

---

[1] ECF No. 217 ("**Motion to Reconsider**") in Case No. 19-18459 MER ("**Administrative Case**").

[2] ECF No. 48 ("**Motion to Intervene**") in Adversary Proceeding No. 19-01282 MER ("**Adversary Proceeding**").

[3] ECF No. 53 in the Adversary Proceeding.

and the Committee's Reply thereto.[4] In light of the Court's March 6, 2020 Order[5] referring the Debtor's claims asserted in the Adversary Proceeding to the Tribunal for a determination of the arbitrability of such claims, and upon consideration of the Motion to Reconsider and Motion to Intervene, the Court Orders as follows:

The Motion to Reconsider is GRANTED IN PART. The Court's Order Granting Arbitration Creditors' Motion to Hold in Abeyance the Official Committee of Unsecured Creditors' Objection to Proofs of Claim[6] is amended to state "all proceedings regarding the Committee's Objection are hereby held in abeyance, pending the Tribunal's resolution of the question of arbitrability of the Debtor's claims."

The Motion to Intervene is DENIED WITHOUT PREJUDICE. To the extent the Tribunal determines the Debtor's claims asserted in the Adversary Proceeding may be heard by this Court, the Committee may re-urge its Motion to Intervene.

The hearing presently scheduled for March 13, 2020 is hereby VACATED. The Unsecured Creditors Committee's request to reschedule the hearing is DENIED as moot.

Dated March 10, 2020

BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[4] ECF No. 54 in the Adversary Proceeding.

[5] ECF No. 239 in the Administrative Case; ECF No. 61 in the Adversary Proceeding.

[6] ECF No. 216 in the Administrative Case.